USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

RODNEY MCNEIL,

                Plaintiff,

  -against-

DETECTIVE BRIAN LONG;
DETECTIVE GERARD DIMURO,

                Defendants.

-----------------------------------------------------------X

ORDER OF DISMISSAL

11 Civ. 0596 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

    On March 18, 2011, the Court dismissed Plaintiff's claims against judges, prosecutors and others involved with his criminal proceedings but granted him leave to show cause why his claims for assault and Fourth Amendment violations against police officers Long and Dimuro should not be dismissed as untimely. On May 31, 2011, the Court entered judgment after Plaintiff failed to respond but later granted Plaintiff's request to reopen the case. Plaintiff has filed an Affirmation for Timeliness regarding his claims, pursuant to 42 U.S.C. § 1983, against Long and Dimuro. In his Affirmation for Timeliness and letter dated July 14, 2011, Plaintiff also seeks "reconsideration of [the Court's] prior ruling that judges and prosecutors have immunity to section 1983 lawsuits." For the reasons set forth below, Plaintiff's request for reconsideration is denied, and the Complaint is dismissed.

## STANDARD OF REVIEW

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v.

Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F. 3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

Plaintiff Rodney McNeil alleges that on March 24, 2006, an assailant at the Lincoln Housing Project attempted to steal his gold chain. See Compl. at 16. McNeil resisted, there was a gun, and one of the assailants was shot. McNeil went to stay with his aunt in Boston. On May 4, 2006, New York police officers Long and Dimuro allegedly violated his Fourth Amendment rights when they "stormed" his aunt's home in Boston and assaulted and arrested him. See id. at 18-19. McNeil is currently incarcerated in Great Meadow Correctional Facility serving a sentence for his 2008 conviction relating to the incident at the Lincoln Housing Project. By order dated March 18, 2011, the Court dismissed McNeil's claims against the judges and prosecutor involved with his criminal trial.

The Court further ordered Plaintiff to show cause why his 42 U.S.C. § 1983 claim against Defendants Long and Dimuro should not be dismissed as untimely. In his Affirmation of Timeliness, Plaintiff asserts that his claims should not be deemed untimely because: (1) the Fourth Amendment violations are ongoing and continuous; and (2) he suffered from clinical depression and was unable to access a legal research class.

In a letter, Plaintiff also seeks reconsideration of the Court's dismissal of his claims against the judges and prosecutor involved with his criminal trial, as well as the claim for false arrest on unrelated misdemeanor charges. He alleges that the misdemeanor charges against him were dismissed in February 2008, after he was convicted of felony charges in January 2008. Plaintiff contends that the false arrest claim should not have been dismissed because: (1) he was arrested based on statements from John Caban "who was not present" during McNeil's argument with his social worker, in which he was falsely accused of assaulting her; and (2) the videotape

of the incident was erased so "police should have known that the allegations were false." McNeil Letter dated July 14, 2011.

## DISCUSSION

A.   <u>Timeliness of Section 1983 Claims against Long and DiMuro</u>

The statute of limitations for a § 1983 action in New York is three years. <u>See</u> <u>Owens v. Okure</u>, 488 U.S. 234, 251 (1989). Section §1983 claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action." <u>Singleton v. City of New York</u>, 632 F.2d 185, 191 (2d Cir. 1980) (citation and quotation marks omitted). Plaintiff knew or should have known of his injuries on May 4, 2006, when Long and Dimuro allegedly violated his Fourth Amendment rights. The statute of limitations therefore expired on or about May 4, 2009. Plaintiff gave his Complaint to prison officials for mailing on January 21, 2011, <u>see</u> Compl. at 43, almost two years after the deadline for doing so had expired.

Plaintiff contends that "since the Fourth Amendment violation is a continuous act[,] the statute of limitations would not begin to run until there is a break from the illegal arrest and detention." Aff. at 1-2. He further asserts that "when [the] tort involves continuing or repeated injury, [the] statute of limitations does not begin to run until [the] date of [the] last injury or when [the] tortious acts cease." <u>Id.</u> at 2.

"The continuing violation doctrine is an exception to the normal knew-or-should-have-known accrual date . . ." <u>Shomo v. City of New York</u>, 579 F.3d 176, 181 (2d Cir. 2009)) (citing <u>Harris v. City of New York</u>, 186 F. 3d 243, 258 (2d Cir. 1999) (internal quotation marks and citation omitted), and can only occur "[w]hen the claim is based, not on a single, discrete incident, but on an allegedly continuous, ongoing policy," <u>United States v. Yonkers Bd. of Educ.</u>, 992 F. Supp. 672, 676 (S.D.N.Y.1998) (citing <u>Ass'n Against Discrimination v. City of Bridgeport</u>, 647 F. 2d 256, 274–75 (2d Cir. 1981)). In other words, the ongoing violation doctrine is relevant only when the *violation* itself is ongoing, such as in a claim for hostile work environment, which by its very nature involves repeated conduct rather than a discrete acts.

Plaintiff's claims that police officers Long and DiMuro assaulted him on May 4, 2006 and violated his Fourth Amendment rights involve discrete incidents on that date, not an ongoing violation. Moreover, harm from any Fourth Amendment violation "does not encompass the injury of being convicted and imprisoned . . ., Heck v. Humphrey, 512 U. S. 477, 487 n. 7 (1994) (internal quotations omitted), and Plaintiff therefore cannot rely on his ongoing incarceration to demonstrate that any constitutional violations on May 4, 2006 are ongoing. Plaintiff's claims therefore cannot be deemed timely on the basis of a continuing violation.

Plaintiff also asserts that he was diagnosed with clinical depression and was unable to function until 2008, when he was prescribed medication. See Aff. at 6. Federal courts applying state statutes of limitations also apply the state rules for tolling. See Leon v. Murphy, 988 F. 2d 303, 310 (2d Cir. 1993). New York has codified the circumstances under which a limitations period may be tolled, including where a plaintiff is disabled by "insanity." See N.Y. CPLR § 208.

The tolling provision for "insanity" extends only to "those individuals who are unable to protect their legal rights because of an over-all inability to function in society." McCarthy v. Volkswagen of Am., 55 N.Y.2d 543, 548 (1982). Section 208 has been construed narrowly, and Plaintiffs must demonstrate an extremely high degree of incapacity to invoke this provision. See, e.g., Burgos v. City of New York, 742 N.Y.S. 2d 38, 40 (1st Dept. 2002) (plaintiff who suffered "dementia and psychotic disorder" "due to multiple medical conditions" that existed for many years and were permanent failed to establish a sufficient inability to function under Section 208); Dumas v. Agency for Child Development, New York City Head Start, 569 F. Supp. 831, 833 (S.D.N.Y. 1983) (diagnosis of "schizophrenia, paranoid, chronic with acute exacerbation" was insufficient for tolling because disability "was not of the severe and incapacitating nature contemplated by the tolling statute"). Plaintiff's allegations of depression until 2008, at which time he still had a year to bring his claims, are insufficient for tolling under the "insanity" provision of Section 208.

4

Plaintiff's contention that he was unable to get help from the law library and that no legal research class was given during the 30 months that he spent at Elmira Correctional Facility are also insufficient for tolling.

The Court notified Plaintiff that it was plain from the face of his Complaint that the claims against Long and DiMuro were untimely and granted him an opportunity to respond. Neither his argument that the Fourth Amendment violation is continuous nor the argument that he suffered depression and legal research classes were unavailable are sufficient to toll the limitations period. Plaintiffs § 1983 claims against Long and Dimuro arising in May 2006 are therefore dismissed as untimely.

B.  Motion for Reconsideration

Plaintiff seeks reconsideration of: (1) the dismissal of his false arrest claims against police officers who arrested him on September 15, 2005, for misdemeanor assault against his social worker; (2) the dismissal of claims against District Attorney Beesch for "entering into a conspiracy with Detective Brian Long and Detective Gerard DiMuro including the Boston Police Department with the deliberate intention of depriving the Plaintiff of his Federal Constitutional rights against illegal search and seizure," id. at 6, and (3) the Court's "prior rulings that judges and prosecutors have immunity to section 1983 lawsuits," Aff. at 8.

Because Plaintiff is *pro se*, the Court also construes his submission as a Motion under Rule 60(b) of the Federal Rules of Civil Procedure. Under that Rule, a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

5

Fed. R. Civ. P. 60(b). Despite granting Plaintiff's Motion the liberal interpretation that it is due, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in these six clauses of Fed. R. Civ. P. 60(b) applies.

Plaintiff's allegation that John Caban "was not present" during McNeil's argument with his social worker is insufficient to allege that McNeil was arrested without probable cause. Police officers were entitled to rely on the apparently "reasonably trustworthy" information from Caban and Gonzalez that was available to them at the time of arrest. See Rivas v. Suffolk County, 326 F. Supp. 2d 355, 361 (E.D.N.Y. 2004). Plaintiff has not sufficiently alleged that there were circumstances of which the officers should have been aware at the time of the arrest that raised doubts as to the veracity of those statements. Thus, such allegations do not provide any basis for reconsidering the Court's dismissal of the false arrest claim.

Plaintiff also alleges that "on the complaint of malicious prosecution . . . police should have known that the allegations were false" because the videotape of the hallway during the incident was not preserved. See McNeil Letter dated July 14, 2011. In order state a claim for malicious prosecution, plaintiff must show that: (1) the defendant initiated or continued a prosecution against the plaintiff, (2) the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed, (3) the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor. See Posr v. Court Officer Shield # 207, 180 F.3d 409, 417 (2d Cir. 1999) (citation omitted). Allegations that the hallway videotape was not preserved are insufficient to allege that any defendant lacked probable cause to believe that the prosecution could succeed; Defendants could still have believed that, for example, testimony from Gonzalez that McNeil attacked her would suffice to convict him even if the videotape was unavailable. Defendants were not required to draw the inference that the videotape had been intentionally erased because it would have proved Plaintiff's innocence. Accordingly, Plaintiff's allegations that the videotape of the incident was not preserved are

insufficient to allege that any Defendant continued the prosecution against him without probable cause to believe it could succeed.

Plaintiff alleges that his § 1983 claims against Assistant District Attorney William Beesch should not have been dismissed because Beesch was acting as an investigator in "conspiring" with the Boston Police Department to arrest Plaintiff on May 4, 2006.[1] Aff. at 5. Prosecutorial immunity does not extend to conduct that is "akin to investigatory acts" outside of the prosecutor's role as a public advocate, such as accessing the voicemail of a complaining witness or persuading a third party to record telephone calls without the speaker's consent. Flagler v. Trainor, __ F. 3d __, 2011 WL 5829660, at *15 (2d Cir. Nov. 21, 2011).

Although Plaintiff labels Beesch's acts as "investigatory," he fails to include factual allegations of any conduct that could be characterized as such. See Compl. at 21. Plaintiff contends that the Boston arrest warrant was invalid because it issued later on the same day, after he was arrested in Boston by New York police detectives investigating the murder.[2] Plaintiff appears to make some challenge based on the fact that he was arraigned on the indictment rather than a felony complaint. He alleges that "[m]y federal constitutional rights were violated by the specious acts of ADA William Beesch and Judge Herrera." Neither the Complaint nor the request for reconsideration provides any factual allegations regarding any investigative act by ADA Beesch. Thus, even if Plaintiff were making some claim against ADA Beesch that was not barred by the statute of limitations or Heck's bar on § 1983 actions that, if successful, would be inconsistent with the criminal conviction, Plaintiff fails to plead that Beesch engaged in any investigatory conduct for which he is not entitled to absolute immunity.

---

[1] Any § 1983 claims against Beesch arising on May 4, 2006, would likewise be barred by the statute of limitations.

[2] Plaintiff does not allege that ADA Beesch acted as a complaining witness, Kalina v. Fletcher, 522 U.S. 118, 129-31 (1997), or gave legal advice to police, Burns v. Reed, 500 U.S. 478, 492 (1991).

Finally, there is also no basis for reconsidering the Court's order that judges are entitled to absolute immunity for acts in the course of judicial proceedings. Therefore, none of Plaintiff's arguments provides any basis for reconsideration of the Court's dismissal of his claims.

## CONCLUSION

Plaintiff's Complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion for reconsideration of the Court's March 18, 2011 partial dismissal of his claims is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

                                                                LORETTA A. PRESKA
                                                            Chief United States District Judge

Dated: JAN 03 2012
       New York, New York